UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

LIBERTY INSURANCE
UNDERWRITERS, INC.,
  Plaintiff,

v.

PAY AND SAVE, INC. d/b/a
LOWE'S SUPERMARKETS,
  Defendant/Third-Party Plaintiff,

v.

TRAVELERS INDEMNITY COMPANY,
et al.,
  Third-Party Defendants.

No. 5:19-CV-231-H

## MEMORANDUM OPINION AND ORDER
## DENYING THE THIRD-PARTY DEFENDANTS'
## MOTIONS TO DISMISS AND MOTIONS TO STAY

Before the Court are the third-party defendants' Rule 12(b)(1) Motions to Dismiss and their alternative Motions to Stay. Dkt. Nos. 28, 30. Finding that the Court has subject-matter jurisdiction over Pay and Save's *Stowers* and statutory bad-faith claims against Travelers, which are justiciable, the Court denies Travelers's Motion to Dismiss. The Court also concludes that Pay and Save's negligence claim against Higginbotham for allegedly breaching its duty to properly notify Liberty Insurance Underwriters of the underlying state-court lawsuit against Pay and Save—which Pay and Save alleges led to this federal declaratory-judgment action against it—is ripe for adjudication, so the Court denies Higginbotham Insurance Agency, Inc.'s Motion to Dismiss. Further, the Court finds that the applicable factors disfavor a stay of Pay and Save's claims against the third-party defendants. Thus, the Court denies the third-party defendants' Motions for Stay.

1.    **Factual and Procedural Background**

    A.    **Factual Background**

       The Court accepts the facts that are alleged in Liberty Insurance Underwriters, Inc.'s ("LIUI's") Complaint, Dkt. No. 1, and Pay and Save's Third-Party Complaint, Dkt. No. 16, and views them in the light most favorable to the plaintiffs, as it must in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

       This action arises under the Declaratory Judgment Act and diversity of citizenship.[1] *See* Dkt. No. 1 at 2.  LIUI issued an insurance policy, which was in effect from January 1, 2016 to January 1, 2017, to Pay and Save.  *Id.*  The LIUI policy was an excess policy to the primary insurance policy that Travelers Indemnity Company issued to Pay and Save, which provided limits of $1,000,000 for bodily injury claims.  *Id.*  The LIUI policy requires Pay and Save to "see to it that [LIUI is] notified as soon as practicable of an 'occurrence' which may result in a 'claim' or 'suit' under this policy."  *Id.*

       On May 4, 2016, Roel Canales fell inside a Lowe's Supermarket located in Freer, Texas.  *Id.* at 3.  Canales filed a lawsuit against Pay and Save, which was styled Cause No. DC-16-371 in the 229th District Court of Duval County, Texas.  *Id.*  Canales claimed that his damages exceeded $1,000,000.  *Id.*

---

[1] LIUI alleges that it is an Illinois corporation with its principal place of business in Massachusetts and that Pay and Save is a Texas corporation with its principal place of business in Texas. *See* Dkt. No. 1 at 1.  In turn, Pay and Save alleges that third-party defendant Travelers is a Connecticut corporation with its principal place of business in Connecticut and that third-party defendant Higginbotham is a Texas corporation with its principal place of business in Texas. Dkt. No. 16 at 2. Pay and Save alleges that the Court has supplemental jurisdiction over Pay and Save's claims against the third-party defendants under 28 U.S.C. § 1367(a).  *Id.*  The parties do not challenge the existence of diversity or supplemental jurisdiction.

Canales served Pay and Save with a copy of his Original Petition in the state-court lawsuit in January 2017, and Pay and Save appeared in the lawsuit during that month. *Id.* at 4. Although Pay and Save promptly notified Travelers of the suit, it did not notify LIUI throughout the pendency of the litigation. *Id.* When the suit proceeded to trial on July 1, 2019, Pay and Save had not notified LIUI of the suit. *Id.* After the trial adjourned for the Independence Day holiday on July 3, 2019, counsel for Canales sent a demand for $3,200,000, which Pay and Save forwarded to LIUI through Higginbotham Insurance Agency. *Id.* at 4–5; *see also* Dkt. No. 16 at 3. Higginbotham, an insurance agent, procured the insurance policies that Pay and Save purchased from LIUI and Travelers. *See* Dkt. No. 16 at 2–3. LIUI lacked sufficient information regarding the substance and merits of Canales's claims to assess the demand, and Travelers denied the demand. Dkt. No. 1 at 5.

At the trial's conclusion, the jury found that Pay and Save was both negligent and grossly negligent. *Id.* The jury awarded Canales $6,325,000 in compensatory damages and $13,000,000 in punitive damages. *Id.* On October 2, 2019, the trial court entered a judgment against Pay and Save for $4,428,144 in compensatory damages; $213,747.19 in pre-judgment interest; $1,800,000 in exemplary damages; and $14,925.94 in court costs. *Id.* Pay and Save requested that LIUI assume its defense in the underlying lawsuit, but LIUI refused. *Id.*

The parties agree that Pay and Save has timely appealed the judgment in state court and that Travelers has posted supersedeas bonds to prevent execution on the judgment under Texas law. *See* Dkt. No. 28 at 1; Dkt. No. 29 at 2; Dkt. No. 31 at 8. A supersedeas bond suspends execution of a judgment while the judgment is on appeal. *See* Tex. R. App. P. 24.1(b) & (f).

**B.     Procedural Background**

LIUI filed its Complaint on October 24, 2019, seeking a declaratory judgment that it has no duty to defend or indemnify Pay and Save against Canales's claims in the underlying lawsuit. Dkt. No. 1 at 6–7. Pay and Save asked the Court to grant it leave to file its Third-Party Complaint against Travelers and Higginbotham, and the Court granted leave on January 29, 2020. Dkt. Nos. 14–16. Pay and Save brings a common-law *Stowers* claim and a claim for bad faith in violation of Section 541 of the Texas Insurance Code against Travelers. Dkt. No. 16 at 4–5. As to Higginbotham, Pay and Save brings a claim for negligence. *Id.* at 5–6.

Travelers filed a Motion to Dismiss under Rule 12(b)(1), alleging that the Court lacks subject-matter jurisdiction over Pay and Save's claims against Travelers. Dkt. No. 28. In the alternative, Travelers asks the Court to stay Pay and Save's claims against Travelers. *Id.* Likewise, Higginbotham filed a Motion to Dismiss or Stay Pay and Save's claim against it. *See* Dkt. No. 30. The parties have briefed these motions, which are now ripe for disposition.

**2.     Legal Standards**

**A.     Rule 12(b)(1) Motions to Dismiss**

A party may challenge a district court's subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). In evaluating a Rule 12(b)(1) motion, a district court may examine any of three categories of information: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

The party asserting subject-matter jurisdiction bears the burden of establishing that such jurisdiction exists. *See Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017). However, the district court should only grant a Rule 12(b)(1) motion "if it appears certain the plaintiff cannot prove any set of facts that would entitle her to recovery." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)); *see also Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (same).

Where, as here, the Court's jurisdiction arises under the Declaratory Judgment Act and diversity of citizenship, the Court must apply the substantive law of the forum state. *See Colony Ins. Co. v. Peachtree Const., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). "In order to determine state law, federal courts look to final decisions of the highest court of the state. When there is no ruling by the state's highest court, it is the duty of the federal court to determine as best it can, what the highest court of the state would decide." *Transcon. Gas Pipe Line Corp. v. Transportation Ins. Co.*, 953 F.2d 985, 988 (5th Cir. 1992). Here, the parties do not dispute that Texas insurance law governs this action.

**B.     Motions to Stay Proceedings under the Declaratory Judgment Act**

This case arises under the Declaratory Judgment Act. *See* 28 U.S.C. §§ 2201, *et seq.* "[T]here is . . . nothing automatic or obligatory about the assumption of jurisdiction by a federal court to hear a declaratory judgment action." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (internal citations and quotation marks omitted). "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Id.*

When asked to dismiss or stay an action that arises under the Declaratory Judgment Act, the Court must make three determinations: (1) whether the declaratory judgment action is justiciable; (2) whether the Court has authority to grant declaratory relief; and (3) how to exercise its discretion to decide or dismiss the declaratory-judgment action. *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). In exercising its discretion, the Court must balance several factors. *See Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993). Those factors are whether:

> (1) a state action is pending that could resolve all legal matters; (2) the plaintiff seeks declaratory relief in anticipation of a lawsuit; (3) the plaintiff forum shopped; (4) inequity would result if the plaintiff gained priority in time or changed forums; (5) the federal court is a convenient forum; (6) retention of the lawsuit would serve judicial economy; and (7) the federal court must construe a state judicial decree involving the same parties.

*State Auto. Mut. Ins. Co. v. Dunhill Partners, Inc.*, No. 3:12-CV-03770-P, 2013 WL 11821465, at *4 (N.D. Tex. Mar. 14, 2013) (citing *La. Farm Bureau*, 996 F.3d at 778, and *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994)).

However, in the Fifth Circuit, a motion to stay "a declaratory action that also seeks coercive relief" is analyzed under the more demanding standard for abstention that is laid out in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). *New England Ins. Co. v. Barnett*, 561 F.3d 392, 396 (5th Cir. 2009); *see also Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 n.4 (5th Cir. 2002). The Fifth Circuit has not yet ruled on whether a defendant's third-party complaint, which seeks coercive relief, transforms a declaratory-judgment action into an action that seeks coercive relief so as to require the application of the *Colorado River* standard. *Cf. Century Sur. Co. v. Blevins*, 799 F.3d 366, 373 (5th Cir. 2015) (declining to consider whether the district court erred by applying the *Trejo* test where a declaratory-judgment defendant filed coercive counterclaims).

However, at least one district court within the Fifth Circuit has determined that a declaratory-judgment defendant's third-party counterclaims seeking coercive relief require the district court to apply the *Colorado River* standard rather than the *Trejo* factors. *See Allstate Ins. Co. v. Scarbrough*, No. 3:15-CV-00114-M-A, 2016 WL 10587685, at *6 (N.D. Miss. Sept. 15, 2016). Here, Pay and Save's Third-Party Complaint against Travelers and Higginbotham seeks coercive relief in the form of monetary damages. *See* Dkt. No. 16 at 6. For the sake of completeness, the Court will analyze the third-party defendants' requests for a stay of Pay and Save's claims against them under both the *Trejo* and *Colorado River* standards.

3. **Analysis**

   A. **The Court denies Travelers's Motion to Dismiss because the Court has subject-matter jurisdiction over Pay and Save's claims against Travelers.**

      i. **Texas law does not prevent a plaintiff from bringing a *Stowers* claim while a final judgment in the underlying lawsuit is on appeal.**

The *Stowers* doctrine provides that an insurer owes a duty of ordinary care to its insured, which requires the insurer to accept a settlement offer that is reasonable and within the policy limits. *See Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 849 (Tex. 1994); *G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929, holding approved) (holding that an insurer, when presented with a settlement offer, "is held to that degree of care and diligence which a man of ordinary care and diligence would exercise in the management of his own business"). If an insurer rejects a settlement offer that is reasonable and within the policy limits, the insurer may be held liable to the insured for any excess judgment above policy limits. *See St. Paul Fire & Marine Ins. Co. v. Convalescent Servs., Inc.*, 193 F.3d 340, 343 (5th Cir. 1999) (citing *Garcia*, 876 S.W.2d at 848).

Although Travelers relies on *Archer v. Med. Protective Co. of Ft. Wayne, Ind.*, 197

S.W.3d 422 (Tex. App.—Amarillo 2006, pet. denied), that case supports Pay and Save's

position that the Court has subject-matter jurisdiction over Pay and Save's *Stowers* claim.

*Archer* provides that a *Stowers* plaintiff "need not await until all appeals have ended to sue."

*Id.* at 426. Moreover, another district court within this judicial district determined that

"Texas law allows an insured to bring a *Stowers* action as soon as there is a jury verdict

exceeding policy limits." *Bramlett v. Med. Protective Co. of Ft. Wayne, Ind.*, No. 3:10-CV-2048-

D, 2013 WL 796725, at *6 (N.D. Tex. Mar. 5, 2013) (Fitzwater, C.J.) (citing *Archer*, 197

S.W.3d at 426).

    *Street v. Second Court of Appeals*, 756 S.W.2d 299 (Tex. 1988), does not undermine this

conclusion. There, the Texas Supreme Court held that common-law *Stowers* claims are

subject to a two-year period of limitations that does not begin to run until after all appeals

from the underlying lawsuit have been exhausted. But the fact that a plaintiff need not bring

a *Stowers* claim before all appeals have been exhausted to avoid the running of the

limitations period does not mean that a plaintiff cannot bring such a claim while an appeal

is pending.

    As Travelers urges, the Texas Supreme Court in *Street* stated that "a judgment is final

for the purposes of bringing a *Stowers* action if it disposes of all issues and parties in the case,

the trial court's power to alter the judgment has ended, and execution on the judgment, if

appealed, has not been superseded." *Id.* at 301. The Court understands this passage to

imply that a judgment may not be final under Texas law for the purpose of bringing a

*Stowers* claim where, as here, execution of the judgment in the underlying lawsuit has been

superseded. However, as LIUI notes, a district court in this judicial district has determined

that a *Stowers* claim is justiciable—even in the absence of a final judgment on which the plaintiff in the underlying lawsuit is entitled to execute—where "there is adequate information outlining the likelihood and degree of [the insured's] potential exposure to an excess judgment." *State Auto Prop. & Cas. Ins. Co. v. Bartlett*, No. 3:12-CV-1711-P, 2012 WL 12886955, at *3 (N.D. Tex. Dec. 14, 2012). The Court finds the logic of *Bartlett* to be persuasive. Pay and Save may present information outlining the likelihood and degree of its potential exposure to the excess judgment, which has already been finalized and entered by the state trial court in the underlying lawsuit, at the trial in this case. Further, the appellate court may affirm the judgment of the trial court in the underlying lawsuit before this case proceeds to trial. Accordingly, this case presents an actual controversy. It is not "certain [that Pay and Save] cannot prove any set of facts that would entitle [it] to recovery." *Morris*, 852 F.3d at 419.

Additionally, *Foremost Cty. Mut. Ins. Co. v. Home Indem. Co.*, 897 F.2d 754 (5th Cir. 1990), does not contravene the Court's conclusion that Pay and Save's *Stowers* claim is justiciable. In *Foremost Cty.*, the parties to the underlying lawsuit executed a covenant not to enforce the judgment, which "released [the] insured from all legal obligations to pay" the judgment. *Id.* at 757. The Fifth Circuit therefore determined that the insurer had not breached its *Stowers* duty to the insured. *See id.* at 758. But here, Pay and Save's obligation to pay the judgment has only been temporarily suspended pending the appeal of the underlying lawsuit. As Travelers acknowledges, Pay and Save has not been permanently released from any legal obligation to pay. *See* Dkt. No. 32 at 8 ("Pay & Save has no obligation to pay damages to Mr. Canales *at this time* due to the posting of supersedeas bonds.") (emphasis added). Because it is not certain that Pay and Save cannot prove any set

of facts that would entitle it to recovery, the Court denies Travelers's Motion to Dismiss as to Pay and Save's *Stowers* claim.

### ii. Statutory bad-faith claims may be brought while a final judgment in the underlying lawsuit is on appeal.

Under Texas law, an insurer commits an unfair or deceptive business practice when it fails to "attempt in good faith" to "effectuate a prompt, fair, and equitable settlement" of a "claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code § 541.060(a)(2). Pay and Save brings a claim against Travelers for the violation of this statute. *See* Dkt. No. 16 at 5. Travelers contends that the Court lacks subject-matter jurisdiction over the statutory bad-faith claim because it is unripe. *See* Dkt. No. 32 at 6–7.

Applying the bad-faith provision of an older version of the Texas Insurance Code, which used nearly identical language,[2] the Texas Supreme Court stated that "[t]here is nothing to indicate that the Legislature had in mind any standard other than the familiar *Stowers* standard, and certainly there was merit to unifying the common-law and statutory standards in this context." *Rocor Int'l*, 77 S.W.3d at 260–61. Assuming that the statute codifies an insurer's common-law duty under *Stowers*, the Court finds that it has subject-matter jurisdiction over Pay and Save's statutory claim against Travelers for the same reasons that it has subject-matter jurisdiction over Pay and Save's *Stowers* claim.

Yet, as another district court found, Section 541.060(a)(2) contains an additional element that differentiates it from an insurer's common-law duty under *Stowers*. "Unlike a *Stowers* claim, the statute requires a bad-faith component." *Medallion Transp. & Logistics,*

---

[2] The earlier version of the Texas Insurance Code subjected an insurer to liability if the insurer did not "attempt [ ] in good faith to effectuate prompt, fair, and equitable settlements of claims submitted . . . in which liability has become reasonably clear." *Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 77 S.W.3d 253, 260 (Tex. 2002).

*LLC v. AIG Claims, Inc.*, No. 2:16-CV-01016-JRG-RSP, 2018 WL 3249708, at \*4 (E.D. Tex. June 27, 2018), *report and recommendation adopted*, 2018 WL 3239703 (E.D. Tex. July 3, 2018). Thus, the district court there concluded that a plaintiff had adequately alleged a statutory bad-faith claim so as to overcome the defendant's summary-judgment motion despite the fact that the plaintiff's *Stowers* claim was unripe because the parties to the underlying lawsuit had settled that suit. 2018 WL 3249708, at \*2, 4, 5. Here, as in *Medallion Transp.*, the events giving rise to Pay and Save's statutory bad-faith claim have already taken place. And, as discussed above, the Court finds that the enforceability of the judgment in the underlying lawsuit is not a prerequisite for the bringing of a *Stowers* claim under Texas law. The Court therefore concludes that it has subject-matter jurisdiction over Pay and Save's statutory bad-faith claim against Travelers, which is slightly distinct from Pay and Save's *Stowers* claim against Travelers, even though the judgment in the underlying lawsuit may not be final for the purpose of the *Stowers* claim because execution on the judgment has been superseded.

### iii.   The Court has subject-matter jurisdiction over Pay and Save's negligence claim against Higginbotham.

Pay and Save brings a negligence claim against Higginbotham, alleging that it suffered injury as a result of Higginbotham's failure to comply with its duty to notify LIUI of the underlying lawsuit after Pay and Save informed Higginbotham. *See* Dkt. No. 16 at 5–6. Higginbotham asks the Court to dismiss Pay and Save's claim against it, arguing that the claim is not yet ripe for adjudication because it depends upon the success of LIUI's declaratory-judgment claims against Pay and Save. *See* Dkt. No. 30 at 5. Because the Court finds that Pay and Save's claim against Higginbotham is ripe, the Court denies Higginbotham's Motion to Dismiss.

"A court should dismiss a case for lack of ripeness when the case is abstract or hypothetical." *Greenstein*, 691 F.3d at 715 (internal quotation marks omitted).  In determining ripeness, the Court must focus on "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."  *Id.* (*quoting New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)).

Here, the Court finds that Pay and Save's negligence claim is fit for judicial decision. The facts underlying the claim—whether Higginbotham had a duty to notify LIUI of the underlying lawsuit and whether Higginbotham breached that duty—have occurred and may be proved at trial.  As Pay and Save concedes, "the underlying judgment may increase, decrease, or remain the same depending the how the state appellate court rules."  Dkt. No. 37 at 6.  But under Texas law, "a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred."  *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 355 (5th Cir. 2008) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)).

The uncertainty of Pay and Save's damages does not prevent its claim from becoming ripe.  In a recent decision, a district court denied a motion to dismiss that was based on ripeness, reasoning that legal injury is a broad concept that encompasses more than quantifiable monetary damages.  *Burns Motors, Ltd. v. FCA USA LLC*, No. 7:17-CV-421, 2018 WL 461079, at *3 (S.D. Tex. Jan. 18, 2018).  "While Defendants' ripeness argument focuses on *damages* being contingent upon [an event that had not yet occurred], the relevant inquiry is whether Plaintiffs suffered *an injury* as a result of the alleged [negligence.]"  *Id.* (emphasis in original).  As in *Burns Motors*, the relevant inquiry here is whether Pay and Save has suffered an injury as a result of Higginbotham's alleged negligence, not whether its

12

damages are contingent upon future events. Higginbotham has not shown that Pay and Save's involvement in this declaratory-judgment action is not a sufficient injury to satisfy Article III's ripeness requirement, and the Court declines to find as a matter of law that this lawsuit does not constitute such an injury.

Moreover, Pay and Save brought its negligence claim against Higginbotham after Pay and Save discovered Higginbotham's allegedly wrongful act, and the Court finds that Pay and Save has suffered a legal injury in the form of the final judgment that has been levied against it in the underlying lawsuit. The fact that the judgment may be altered or reversed on appeal does not itself make the case unripe. "While the [c]ourt realizes that the precise amount of damages accruing to [the plaintiff] is not yet determinable (since the state[-]court lawsuit against [the defendant] is still ongoing, and [the defendant's] liability, if any, has not yet been decided), this mere fact alone does not negate the existence [of] an actual and real controversy." *Certain Underwriters at Lloyd's London v. A & D Interests, Inc.*, 197 F. Supp. 2d 741, 750 (S.D. Tex. 2002). Additionally, a claim is not unripe merely because a contingency could "eliminate the possibility of" the claimant "having a viable claim[.]" *Regions Ins., Inc. v. Ace Prop. & Cas. Ins. Co.*, 80 F. Supp. 3d 730, 734 (M.D. La. 2015).[3]

---

[3] Pay and Save also alleges that it "has been damaged as Higginbotham's negligence forced it to expend $34,500 to secure a supersedeas bond." Dkt. No. 37 at 8. As Higginbotham notes, however, that assertion is not present in Pay and Save's Third-Party Complaint. Dkt. No. 40 at 3. Still, the Court is entitled to consider disputed facts on a Rule 12(b)(1) motion. *See Ramming*, 281 F.3d at 161. Pay and Save has included the affidavit of an attorney for Pay and Save in the underlying lawsuit, which states that Pay and Save was required to expend $34,500 to secure a supersedeas bond to prevent execution of the judgment in the underlying lawsuit, and a copy of the purported bond. Thus, the Court finds—in the alternative—that Pay and Save's allegation that it was required to secure a bond to stay execution of the judgment as a proximate result of Higginbotham's negligence renders Pay and Save's negligence claim against Higginbotham ripe.

Although a supersedeas bond has been posted to stay the execution of the underlying lawsuit's judgment, there remains a sufficient possibility that the judgment will be upheld and that Pay and Save will suffer damages as a result of Higginbotham's alleged negligence. Another district court found that, notwithstanding the posting of a superseding bond, the interest that the plaintiff in the underlying lawsuit had in an insurance policy, which was at issue in the underlying lawsuit, was sufficiently immediate to be adjudicated. *Max Specialty Ins. Co. v. Heydarian*, No. EP-10-CV-319-KC, 2011 WL 13235042, at *5 (W.D. Tex. Jan. 23, 2011). Similarly, there is a live controversy here between Pay and Save and Higginbotham despite the posting of a supersedeas bond.

Further, the Court determines that Pay and Save would suffer a degree of hardship if the Court were to dismiss Pay and Save's claim against Higginbotham as unripe. Pay and Save is part of this federal litigation because LIUI sued it, and Pay and Save's claim against Higginbotham is closely tied to LIUI's claims against Pay and Save. These facts support Pay and Save's argument that it should be entitled to seek relief against Higginbotham in this proceeding. "If [LIUI] did not receive timely notice of the Underlying Lawsuit and such late notice results in no coverage under the [LIUI] Policy, Higginbotham breached its duties owed to Pay and Save and such breach proximately caused injury to Pay and Save[.]" Dkt. No. 16 at 6.

Pay and Save is now defending LIUI's declaratory-judgment action. It asserts that the declaratory-judgment action would not have come into existence if not for Higginbotham's negligence, which allegedly prevented LIUI from receiving proper notice of Canales's claims is the underlying lawsuit. Additionally, Pay and Save's negligence claim represents its attempt to recover against Higginbotham for the conduct that allegedly gave

rise to this federal lawsuit. Thus, the Court finds that it would cause Pay and Save hardship if it were to dismiss Pay and Save's claim against Higginbotham as unripe. Additionally, "[h]ardship to the [third-party defendants] will not be mitigated by dismissal since they are likely to face refiling of the same complaint[.]" *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 776 F. Supp. 2d 342, 351 (S.D. Tex. 2011).

### B.   The third-party defendants' Motions to Stay are denied.

In reviewing the third-party defendants' request for a stay in this case, which arises under the Declaratory Judgment Act, the Court must first determine whether the action itself is justiciable and then whether the Court has authority to grant declaratory relief in that action. *Wolfe*, 212 F.3d at 895. The justiciability of the action between LIUI and Pay and Save has not been challenged, and the Court finds that this action is justiciable and that the Court has authority to grant declaratory relief. The subject of the controversy—whether LIUI has a duty to defend or indemnify Pay and Save in connection with Canales's claims against Pay and Save in the underlying state-court lawsuit—is "definite and concrete." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 294 (5th Cir. 2019) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). Further, as discussed above, the Court finds that it has subject-matter jurisdiction over Pay and Save's claims against the third-party defendants.

Thus, the Court must apply either the *Trejo* standard or the *Colorado River* standard in determining whether to stay Pay and Save's claims against the third-party defendants. Because a stay is not warranted under either standard, the third-party defendants' request for a stay is denied.

### i. The *Trejo* factors do not favor a stay.

The *Trejo* factors are:

1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and [7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

39 F.3d at 590–91. The Court finds that the factors do not favor the third-party defendants' requested stay.

### a. Pending state action

The first *Trejo* factor, which the Court weighs heavily, favors the denial of a stay. Because interference with state-court litigation is highly disfavored, "whether there is a pending state action in which all the matters in the controversy can be fully litigated is of paramount concern." *Great Am. Ins. Co. v. Cumberland Inv. Grp., LLC*, No. CIV.A. 13-4763, 2013 WL 5755641, at *3 (E.D. La. Oct. 23, 2013). Here, however, there is no parallel state action in which Travelers's *Stowers*, statutory bad-faith, and negligence claims can be adjudicated. The only state-court proceeding at issue here is the underlying lawsuit, which is a negligence dispute between Canales and Pay and Save that is on appeal from a final judgment. Thus, there is no pending state action in which all of the matters in controversy can be fully litigated. *See AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 320 (5th Cir. 2006) ("[B]ecause [the federal declaratory-judgment plaintiff] is not a party to the [state-

court] action, the [district] court correctly concluded no pending state action exists where all the matters in controversy could be fully litigated.").

### b.    Race to the courthouse

This factor also favors the denial of a stay.  There is no indication that Pay and Save—or LIUI, the plaintiff in this federal action—sought to game the system by filing suit in anticipation of litigation in another forum.  Indeed, Pay and Save did not enter this litigation of its own volition, having been sued by LIUI, which likewise does not appear to have engaged in forum shopping.  "Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it . . . is not in itself improper anticipatory litigation or otherwise abusive forum shopping." *CertainTeed Corp. v. Mayfield*, No. CV 19-400-WBV-KWR, 2020 WL 1953615, at *6 (E.D. La. Apr. 23, 2020) (quoting *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 400 (5th Cir. 2003)) (internal quotation marks omitted); *cf. also Fed. Ins. Co. v. Sw. Materials, Inc.*, No. CIV.A. 02-1787, 2003 WL 21634945, at *3 (E.D. La. July 3, 2003) (declining to find that a federal declaratory-judgment plaintiff filed suit in anticipation of litigation where it had not yet been joined in the underlying state-court action at the time it filed the federal action).

### c.    Forum shopping

The third factor likewise favors the denial of the third-party defendants' requested stay.  Pay and Save did not choose this forum, having been sued by LIUI.  Moreover, the Lubbock Division of the United States District Court for the Northern District of Texas is a proper forum for this case because Pay and Save's principal place of business is located within the Lubbock Division.

#### d.     Inequities

Here, the fourth *Trejo* factor also disfavors a stay.  The parties have not identified any inequities that would be associated with allowing Pay and Save to forestall a hypothetical parallel state action, the existence of which has not been alleged.

#### e.     Convenience of the forum

The Court finds that this factor is neutral.  At this stage, the parties have not identified any obstacles or advantages that are associated with litigating this case in federal court in Lubbock.

#### f.     Judicial economy

Judicial economy, the sixth *Trejo* factor, weighs against a stay.  As Pay and Save urges, judicial resources are best used to resolve all of the issues in a case rather than to engage in piecemeal litigation.  *See Colorado River*, 424 U.S. at 818; *cf. also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983) (determining that the judicial interest in avoiding piecemeal litigation counseled against a stay).  "[E]fficiencies may result from litigating issues pertinent to multiple potential claims against a defendant in one federal forum, as opposed to a number of state courts."  *Admiral Ins. Co. v. Dual Trucking, Inc.*, No. CV 20-383, 2020 WL 2526952, at *5 (E.D. La. May 18, 2020) (quoting *Sherwin-Williams Co.*, 343 F.3d at 400).

Here, there is no pending state-court action in which Pay and Save can resolve its claims against Travelers and Higginbotham.  If the Court were to stay Pay and Save's claims against the third-party defendants, this case would not be stayed in its entirety because LIUI's declaratory-judgment claims against Pay and Save would proceed.  Thus, LIUI's claims would proceed to trial in April 2021, while Pay and Save would potentially

file a separate suit against Travelers and Higginbotham in state court, which would take longer to resolve. Given that there are issues in this case that are pertinent to both sets of claims—such as the timeliness and reasonableness of Pay and Save's efforts to inform its insurance carriers of the nature and seriousness of Canales's claims—the Court finds that a denial of the requested stay serves judicial economy.

### g.      State judicial decree

The final *Trejo* factor also cuts against a stay because the Court is not being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. As discussed above, there is no pending state-court suit involving the parties to this case.

### h.      Summary

In summary, six of the seven *Trejo* factors—including the first factor, which weighs the most heavily with the Court—support the denial of the third-party defendants' request for a stay, while one factor is neutral. Thus, the *Trejo* factors support the denial of the third-party defendants' request for a stay.

### ii.      The *Colorado River* factors do not permit the Court to stay Pay and Save's claims against the third-party defendants.

A party seeking a stay under the *Colorado River* standard faces a significantly heavier burden than a party proceeding under the *Trejo* standard. "Because of the virtual unflagging obligation of the federal courts to exercise the jurisdiction given them . . . the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction." *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999) (quoting *Colorado River*, 424 U.S. at 817) (internal quotation marks and citations omitted).

19

The Supreme Court has laid out six factors by which a district court can determine whether a case falls into the "extraordinary and narrow" category in which *Colorado River* abstention is appropriate:

> (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Murphy*, 168 F.3d at 738 (citing *Wilton*, 515 U.S. at 285–86).  The Court will discuss each factor in turn.

### a.      Assumption by a court over a res

This case does not involve any res or property over which any court, state or federal, has taken control.  Thus, the first factor cuts against a stay.  *See Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988).

### b.      Relative inconvenience of the fora

Because there is not currently a parallel state-court suit to which the third-party defendants are parties, the second *Colorado River* factor likewise does not favor a stay.  *See Murphy*, 168 F.3d at 738.

### c.      Avoidance of piecemeal litigation

As discussed above in Section 3.B.i.f, the Court finds that a stay of Pay and Save's claims against the third-party defendants would lead to a greater risk of piecemeal litigation because Pay and Save's claims against the third-party defendants would be severed from this case while LIUI's declaratory-judgment claims against Pay and Save would proceed.  As such, the third factor counsels against a stay.

**d.     The order in which jurisdiction was obtained**

Because there is not currently a parallel state-court suit to which the third-party defendants are parties, this factor weighs against a stay.

**e.     Federal law's effect on the merits of the decision**

Although Texas law will provide the rules of decision on the merits of this case, the "rare circumstances under which the presence of controlling issues of [Texas] law might make abstention appropriate" are absent here. *Evanston Ins. Co.*, 844 F.3d at 1193. The Court is proficient in the application of Texas insurance law, and the parties have not shown that this case presents exceptionally complex substantive issues that a state court would be better suited to resolve. Thus, in the absence of such circumstances, the Court finds that this factor is "at most neutral." *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 493 (5th Cir. 2006) (citation omitted).

**f.     Adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.**

The Fifth Circuit has stated that this factor can "only be a neutral factor or one that weighs against, not for, abstention." *Evanston Ins. Co.*, 844 F.3d at 1193; *see also Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 465 (5th Cir. 2012) ("[T]he adequacy of state proceedings never weighs in favor of abstention."). Because the parties have not produced any evidence or argument regarding Pay and Save's right to a federal forum, the Court finds that this factor is neutral.

**g.     Summary**

Having applied the *Colorado River* factors, the Court finds that four factors weigh against a stay of Travelers's claims against the third-party defendants while two factors are neutral. Thus, this case does not present the "exceptional circumstances" that a party

seeking a stay must demonstrate to overcome this Court's "virtually unflagging obligation" to "exercise the jurisdiction given [it]." *Saucier*, 701 F.3d at 465 (quoting *Colorado River*, 424 U.S. at 817).

Thus, the Court denies the request for a stay. Should additional or changed circumstances support the third-party defendants' request for a stay as the April 2021 trial date approaches, the third-party defendants may file a new motion, which the Court will take under consideration. The Court notes that it has a great degree of discretion in determining whether to stay claims in a declaratory-judgment action. *See Wilton*, 515 U.S. at 288.

### 4.   Conclusion

The Court, finding that it has subject-matter jurisdiction over Pay and Save's claims against third-party defendants Travelers and Higginbotham, denies those defendants' motions to dismiss. Further, the Court finds that the applicable factors do not support the third-party defendants' requested stay, so the Court denies their request for a stay.

So ordered on September __8__, 2020.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

22